HARRIS, C.M., Senior Judge,
dissenting.
I respectfully dissent.
Florida has, of course, an adversarial system of justice. In the criminal context, the defendant with considerable rights is pitted against the State with considerable *1059 resources. A neutral judge is in the middle protecting the rights of both parties. It has worked very well for us.
The following are the material facts in this dispute. Mr. Littles pled no contest to various charges and the judge set a sentencing date. At sentencing, the State sought to enhance Littles’s sentence under the Habitual Felony Offender provision but failed to arrange for a fingerprint expert. Littles refused to concede that the prints on the proffered judgments were his. The prosecutor announced to the judge that she would like for Littles to swear under oath that the prints were not his before she went to the trouble of getting a handwriting expert. Defense counsel objected, arguing that proof of identity was the State’s burden and that the defendant should not be compelled to incriminate himself. Since the State was not prepared to prove up the previous judgments at the sentencing hearing and did not request a continuance, the judge should have proceeded to sentence Littles without the enhancement.
Instead, since the prosecutor and the judge may have been of the opinion that the Fifth Amendment rights do not apply at sentencing, the judge, after warning Littles of the consequences of perjury, called him to the stand and required him to answer concerning his prior convictions. However, the Fifth Amendment still applies at sentencing. See Mitchell v. United States, 526 U.S. 314, 325, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999) (“stating that where sentence has yet to be imposed, court has already rejected proposition that incrimination is complete once guilt has been adjudicated, ... and we reject it again today”), (quoating Estelle v. Smith, 451 U.S. 454, 462, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981))). Littles admitted that the prints on the proffered judgments were his.
The prosecutor, perhaps after talking to her office, became aware that Littles’s rights against self-incrimination indeed continue through sentencing and advised the judge that she was uncomfortable going forward since a proper objection had been made, and yet, the court required Littles to testify. The State, in effect, agreed that it had not properly proved identity and failed to move for a continuance. Had the judge, acting impartially, it could have sentenced Littles without considering the unproved proffered judgments. Instead, this is what happened:
THE COURT: What you could do, at this point, I’ve asked you if there is anything further. You could say, ‘Yes, I would like to call a fingerprint expert And then, I’d say, “Are they available?” And then you’ll say, “May I have a continuance to get them here?”
And I’ll say, ‘Yes.”
STATE: Well, that’s what I’ll do, Judge. I just didn’t want to—that’s what I want to do at this point.
A court should not be so invested in the State’s proving identity that the court, in effect, makes the motion for continuance which permits the state to do that.
It is not surprising that the Littles withdrew his objection to the continuance. The continuance itself is not the issue on appeal; nor is the issue of whose prints are on the proffered judgment. The issue appealed is whether the judge, by improperly requiring Littles to testify over objection and by directing the prosecutor on how to apply for a continuance and then pre-an-nouncing his decision, departed from the role of a neutral magistrate. I agree that the judge did, and I would reverse with instruction to sentence Littles without the HFO enhancer.